IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEFFREY ZULAUF, JASON ZULAUF, KAL WAYMAN, on behalf of themselves and all similarly situated individuals, | ) ) ) ) ) | Civil Action No. |
| Plaintiffs, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | COLLECTIVE CERTIFICATION |
| AMERISAVE MORTGAGE CORPORATION, and PATRICK MARKERT, individually, | ) ) ) ) | SOUGHT |
| Defendants. | ) ) ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs Jeffrey Zulauf, Jay Zulauf, and Kal Wayman

(hereinafter "Plaintiffs"), and files this lawsuit against Defendants Amerisave

Mortgage Corporation and Patrick Markert (hereinafter collectively "Defendants"),

and shows the following:

## I.  Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress

the unlawful employment practices described herein.  Plaintiffs bring this action as

the representative party for all similarly situated employees of Amerisave

Mortgage Corporation.

2.

This action seeks declaratory relief, liquidated and actual damages for

Defendants' failure to pay federally mandated overtime wages to Plaintiffs in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et*

*seq*. (hereinafter "FLSA") during Plaintiffs' employment with Defendants

(hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

This Court has original jurisdiction of this complaint pursuant to 29 U.S.C.

§216(b), and 28 U.S.C. §1331 because this action is brought under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

4.

Defendant Amerisave Mortgage Corporation is a Georgia corporation, and a

substantial part of the events or omissions giving rise to the claims occurred at One

Capital City Plaza 3350 Peachtree Rd, 10th Floor, Atlanta, GA, 30326.

Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3,

Northern District of Georgia.

## III. Parties

5.

Plaintiffs are adult residents of the State of Georgia.

6.

Plaintiffs worked as Senior Mortgage Processors during the relevant

statutory period.

7.

Plaintiffs were "employees" (as defined under FLSA §3(e), 29 U.S.C.

§203(e)) for Defendants.

8.

Plaintiffs performed work and were paid primarily by commissions, rather

than a salary basis, for the Defendants within the last three years.

9.

Defendants employed the named Plaintiffs during the relevant time period.

10.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek and were not paid the overtime wage differential.

11.

Defendant Amerisave Mortgage Corporation is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant Amerisave Mortgage Corporation is a domestic corporation with its principal place of business in Atlanta, GA.  At all times relevant herein, Defendant Amerisave Mortgage Corporation was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

13.

Defendant Patrick Markert is the owner and/or president of Amerisave Mortgage Corporation during the statutory period applicable to this action.

14.

Defendant Markert had discretion over Plaintiffs' payroll and overtime compensation.

15.

Defendant Markert was responsible for administering and implementing all company policies and procedures, which Plaintiffs' supervisors then relayed to Plaintiffs and the other similarly situated individuals.

16.

Defendant Patrick Markert maintains control, oversight and direction over the operation of the company, including the employment practices, and is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

17.

Defendant Markert is a resident of the State of Georgia.

IV.  **COLLECTIVE ACTION ALLEGATIONS**

18.

Plaintiffs bring Count I of this Complaint on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiffs and the similarly situated individuals are individuals who currently or have been employed by Defendants as "Loan Advisors" or "Senior Mortgage Processors" or "Inside Sales" or "Inside Sales Advisor" or "Inbound Call Center" employees (hereafter "Senior Mortgage Processors") in any of the Defendant Amerisave locations during the last three years, and whose primary job duties is to provide customer

service, act as a point of contact for customers, collect documents needed to

process loans, assist potential customers with general inquiries and act as the

primary point of contact with the customers.  ("the Collective Class" and

"applicable statutory period").  Plaintiffs and the Collective Class were not

permitted to take loan applications, quote pricing or discuss rates or fees.

### 19.

During the applicable statutory period, Plaintiffs and the Collective Class

worked from home, but did not go to their customer's place of business to collect

orders or close the loans.

### 20.

During the applicable statutory period, Plaintiffs and the Colllective Class

routinely worked in excess of forty (40) hours per week without receiving overtime

compensation for all overtime hours worked while performing the duties of Senior

Mortgage Processor for Defendants.

### 21.

Defendants were aware that the Plaintiffs and the Collective Class were

working overtime hours because Plaintiffs and the similarly situated individuals

were required to log in to the Defendants' computer system to accomplish most of

the work of the position.

22.

Defendants were aware of the specific times Plaintiffs and the Collective

Class were working while on the Defendants' system.  Defendants encouraged

Plaintiffs to work in the system by stating that the more time that the employee

spent logged into the call center software, the more online loan applications the

employees would be given.

23.

Defendants encouraged Plaintiffs to limit the number of hours that the

Plaintiffs tracked in the time keeping system, and encouraged Plaintiffs to

inaccurately track the actual time Plaintiffs worked.  Defendants told the Senior

Mortgage Processors that overtime was not permitted for members of the Inbound

Call Center.

24.

Defendants did not track the time employees spent on their mobile

telephones or their Smart phones or other handheld devices answering calls and

electronic mail.

25.

Defendants were aware that employees used their mobile telephones and

handheld devices to answer calls and electronic mail.

26.

Defendants paid Plaintiffs and the Collective Class on a commission basis.

27.

As commissioned employees, Plaintiffs and the similarly situated individuals received a determinable amount of money for each loan that he or she closed for Amerisave.

28.

Although they regularly worked more than forty (40) hours per week completing their work and other job duties, Plaintiffs and the Collective Class did not receive overtime pay from the Defendants on their commissions.

29.

During the applicable statutory period, Defendants failed to keep accurate time records for all hours worked by Plaintiffs and the Collective Class.

30.

Defendants' were aware, however, that Plaintiffs were working more than forty hours per week because of its ability to track the hours that the employees were logged into its system and generate reports regarding these hours.

31.

Defendants' conduct was willful and in bad faith.

32.

These practices violate the provisions of FLSA, 29 U.S.C. § 201, et seq.

including but not limited to 29 U.S.C. § 207.  As a result of these unlawful

practices, Plaintiffs and the Collective Class have suffered a loss of wages.

## V.  Violation of the Overtime Wage Requirement of the

## Fair Labor Standards Act.

33.

Plaintiff repeats and re-alleges each and every allegation contained in the

preceding paragraphs of this Complaint with the same force and effect as if set

forth herein.

34.

Defendants, individually and collectively, jointly and severally, have

violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that

Plaintiff worked in excess of forty (40) hours in a workweek.

35.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and

one-half times the regular rate of pay for all hours worked over forty hours per

workweek.

36.

Defendants suffered and permitted Plaintiffs and the Collective Class to routinely work more than forty (40) hours per week without overtime compensation.

37.

Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the Collective Class at the required overtime rate.

38.

Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of the FLSA.

39.

As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Collective Class have suffered and will continue to suffer a loss of income and other damages.  Plaintiffs and the Collective Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

40.

By failing to accurately report, record and/or preserve records of hours

worked by Plaintiffs and the Collective Class, Defendants have failed to make,

keep and preserve records with respect to each of their employees sufficient to

determine their wages, hours and other conditions and practice of employment, in

violation of the FLSA.

41.

The foregoing conduct, as alleged, constitutes a willful violation the FLSA

within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless

disregard for the fact that their compensation practices were in violation of these

laws.

**Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the

FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated

damages as provided by 29 U.S.C. §216, pre-judgment interest on

unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

witness fees, reasonable attorneys' fees as provided under FLSA §16

and all other remedies allowed under the FLSA; and,

(C)     Grant declaratory judgment declaring that Plaintiff's rights have been

violated;

(D)     Grant conditional certification and provide notice of this action to all

similarly situated individuals as soon as possible;

(E)     Grant leave to add state law claims if necessary; and

(F)     Award Plaintiff such further and additional relief as may be just and

appropriate.

Respectfully submitted the 31st day of May, 2011.

                                        **BARRETT & FARAHANY, LLP**

                                        s/Amanda A. Farahany
                                        Amanda A. Farahany
                                        Georgia Bar No. 646135
                                        Benjamin F. Barrett
                                        Georgia Bar No. 039586
                                        Benjamin B. Kandy
                                        Georgia Bar No. 765357
                                        Attorney for Plaintiffs

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile