IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFREY ZULAUF et al., **Plaintiffs,** v. AMERISAVE MORTGAGE COPORATION, **Defendant.** | 1:11-cv-1784-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (the "Sanctions Motion") [189].

**I.   BACKGROUND**

On May 31, 2011, Plaintiff filed this case (the "Zulauf Action") as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219.  On November 23, 2011, the Court entered an order granting, in part, Plaintiffs' motion to conditionally certify a collective class (the "November 23rd Order").  In the November 23rd Order, the Court found that certain opt-in class members had entered into agreements to arbitrate certain matters relating to their employment relationship with Defendant, and that the arbitration agreement included an agreement to arbitrate claims for overtime compensation.  Opt-in Plaintiff

Eskinson Garrett ("Garrett") was one of the opt-in Plaintiffs that the Court found was required to resolve the claim alleged in the Zulauf case through arbitration. Opt-in Plaintiffs Stephanie Mogardo ("Mogardo") and Roberta Crawford ("Crawford") were also required to arbitrate their claims.

On May 15, 2012, the law firm of Barrett & Farahany LLP, the firm that represents plaintiffs in the Zulauf action, filed in this court an action on behalf of Garrett (the "Garrett Action") asserting the same claims that the Court required Garrett to arbitrate. Defendant claims that Barrett & Farahany was required to designate the Garrett Action as a "related case" to the Zulauf Action. Defendant further claims that the filing of an action on behalf of Garrett by Barrett & Farahany, and the firm's subsequent filing of opt-in notices in the Garrett Action on behalf of Mogardo and Crawford, violated the November 23rd Order and that Barrett & Farahany should be sanctioned under 28 U.S.C. § 1927. Defendant seeks, as a sanction, "reimbursement for its attorneys' fees, costs and expenses due to this 'unreasonable and vexatious' conduct." (Mot. Sanct. at 2.) Defendant asserts that on July 16 and August 2, 2011, it requested Barrett & Farahany to dismiss the Garrett action because it violated the November 23rd Order. Rather than dismiss the action, Garrett's counsel moved to substitute other plaintiffs for him as the named plaintiffs in the action. As of the date this motion was filed, the

2

Garrett action still was pending and Mogardo and Crawford are still opt-in plaintiffs in it.[1]

In response to the Sanctions Motion, Plaintiffs assert: "This motion has no relevance to the Zulauf case." (Pls.' Resp. at 1.) They argue further: "The Zulaufs, nor their counsel, have unnecessarily expanded [sic] these proceedings." (Id.) They also claim the Garrett Action is not related to this action. Plaintiffs do not address why they filed an action on behalf of Garrett, who was required to arbitrate his claims, or why they filed opt-in notices in the Garrett Action on behalf of Mogardo and Crawford, who also are required to arbitrate. They assert that sanctions are not appropriate because they moved to substitute other named plaintiffs to replace Garrett. They do not respond to why they assisted Mogardo and Crawford to opt into the Garrett case or why their opt-in notices were not withdrawn.

## II.   DISCUSSION

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be

---

[1] The parties subsequently settled the Garrett Action, and on January 15, 2013, the Court dismissed the Garrett Action pursuant to the settlement.

>  required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The question here is whether the filing of the Garrett Action, which was foreclosed by the November 23rd Order, unreasonably and vexatiously multiplied the proceedings.  See Amlong & Amlong, P.A. v. Denny's Inc., 500 F.3d 1230, 1238 (11th Cir. 2006).  In the Eleventh Circuit, an attorney multiplies proceedings "unreasonably and vexatiously" within the meaning of the statute only when the attorney's conduct is so egregious that it is "tantamount to bad faith." Id. at 1239-1240 (quoting Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991); see also Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003) ("'Bad faith' is the touchstone.").  The standard is an objective one, turning on how a reasonable attorney would have acted under the circumstances rather than on the particular attorney's subjective intent.  Norelus v. Denny's Inc., 628 F.3d 1270, 1282 (11th Cir. 2010); Weller v. AT&T Servs., No. 10-80480-CIV-MARRA, 2010 U.S. Dist. LEXIS 114796, at *16 (S.D. Fla. Oct. 26, 2010) ("The Eleventh Circuit has interpreted the term "vexatious" to mean frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." (citing United States v. Gilbert, 198 F.3d 1293, 1296 (11th Cir. 1999)).  To warrant the imposition of sanctions under § 1927, the attorney must "knowingly or recklessly pursue a

4

frivolous claim or engage in litigation tactics that needlessly obstruct the litigation of a non-frivolous claim." Amlong &Amlong, P.A., 500 F.3d at 1242.

The Court reluctantly concludes that is what happened here.[2]  The Court's November 23rd Order foreclosed Garrett's, Mogardo's, and Crawford's litigation in this Court of their FLSA overtime claims because these claims were required to be arbitrated.  Counsel thereafter filed the Garrett Action and assisted Mogardo and Crawford to opt into it as Plaintiffs.  Had this action been dismissed promptly after Defendant objected to the filing of the action, the Court may well have concluded that the filing was errant or an oversight.  However, the decision to allow the action to continue with three plaintiffs in it that Plaintiffs' counsel knew were foreclosed from litigating their claims in other than an arbitration proceeding was unreasonable and compels the Court to find that counsel knowingly and purposefully maintained the action after becoming aware that is was precluded.  Thus, the Court finds that this case was multiplied by Defendant's having to move to dismiss the Garrett Action and having to file this motion for sanctions.  See Amlong &Amlong, P.A., 500 F.3d at 1239-1242; Adams v. Austal, U.S.A., LLC, 2013 U.S. App. LEXIS 251 (11th Cir. 2013); Cmty. State Bank v. Strong, 651 F.3d

---

[2] The Court does not consider whether the Court's operating procedures were violated by counsel for Garrett not identifying his case as "related" to the Zulauf Action.

1241, 1248 (11th Cir. 2011); Murray v. Playmaker Servs., LLC, 548 F. Supp. 2d 1378, 1383 (S.D. Fla. 2008) (explaining that when an attorney "knows or reasonably should know that a claim pursued is frivolous . . . a trial court does not err by assessing fees attributable to such actions against the attorney" and holding that counsel is liable under § 1927 to the extent that he multiplied the proceedings when he should have been aware the suit was meritless.); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1543 (11th Cir. 1993) (affirming district court's imposition of sanctions under § 1927 when counsel willfully disobeyed court's discovery orders, consequently multiplying the proceedings); Bolivar v. Pocklington, 975 F.2d 28 (1st Cir. 1992) (holding that § 1927 was violated when second action filed asserted same issue addressed by another court); Walzer v. Muriel, Seibert & Co., 221 F. App'x 153, 156 (3rd Cir. 2007).

Requiring counsel for Plaintiff to compensate Defendant for the time and expense required of Defendant to file its Motion to Dismiss in the Garrett Action and to file the Sanctions Motion is an appropriate sanction.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 [189] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall submit, on or before April 3, 2013, its detailed time records showing, by individual time entry and timekeeper the legal services performed to file the Motion to Dismiss in the Garrett Action and to file this Motion for Sanctions.  Defendant also shall identify the hourly rate of each such timekeeper and any expenses incurred.

**SO ORDERED** this 12th day of March, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE